PABLO MATOS MORÁN, Appellant, *v.* REGISTRAR OF PROPERTY OF MAYAGÜEZ, Respondent.

No. 911. Submitted January 22, 1934.—Decided March 8, 1934.

*José Sabater* for appellant.   The registrar appeared by brief.

Mr. Justice Hutchison delivered the opinion of the court.

A marshal's deed to certain property sold in a summary foreclosure proceeding was recorded by the registrar of property subject to a curable defect: first, in that neither the personal demand for payment made upon the mortgage debtor nor the demand for payment made through citation by publication upon the unknown heirs of the mortgage debtor's deceased wife had been copied into the marshal's deed or presented therewith in the registry of property; and second, in that the names of the unknown heirs did not appear in the marshal's deed.

Obviously, it would be impossible for a mortgagee to specify the real names of unknown heirs and the doctrine of *Orcasitas* v. *The Registrar of Property*, 21 P.R.R. 523, relied upon by the registrar, whose ruling gave rise to the present appeal, has no application to the facts in the instant case.

The registrar was entitled to know whether or not the procedure prescribed by the Mortgage Law had been strictly followed, both in the citation by publication and in the personal demand for payment. See *Federal Land Bank* v. *Registrar, ante* p. 270.

The ruling appealed from will be reversed as to the so-called curable defect of omitting the names of the unknown

heirs and affirmed as to the curable defect of not presenting in the registry of property an⁴ authentic copy either of the order directing a personal demand for payment or of the order authorizing the citation of unknown heirs by publication.

Mr. Justice Wolf dissented.